1
2
3
4
5
6
7
8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMES ROBERT BRISCOE, III,          )   Case No.: 1:19-cv-00389-DAD-JLT (HC)
                                         )
12            Petitioner,                )   ORDER GRANTING RESPONDENT'S MOTION
                                         )   TO DISMISS AND PETITIONER'S MOTION TO
13      v.                               )   DELETE CLAIM TWO
                                         )
14   LAURA ELDRIDGE,                     )   [Doc. Nos. 28, 31, 32]
                                         )
15            Respondent.                )
                                         )
16   _____)

17          On July 3, 2019, Respondent filed a motion to dismiss claim two regarding restitution because

18   the claim fails to satisfy the custody requirement and because the claim is unexhausted. (Doc. No. 28.)

19   On July 12, 2019, Petitioner filed a motion, conceding to the Respondent's argument, to delete claim

20   two of petitioner's first amended petition regarding restitution only. (Doc. No. 31.) Thereafter, on July

21   15, 2019, Petitioner filed a motion to supplement facts and basis for the motion to delete claim two, in

22   which he states that he did in fact exhaust claim two. (Doc. No. 32.) Nevertheless, as described below,

23   claim two fails to satisfy the custody requirement and must be dismissed.

24                                      **DISCUSSION**

25          A claim regarding a state court restitution order fails to implicate the "in custody" requirement

26   of the AEDPA. Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit

27   judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person

28   in custody <u>pursuant to the judgment of a State court</u> only on the ground that he is in custody in

                                              1

violation of the Constitution or laws or treaties of the United States." (Emphasis supplied). The "in custody" requirement is jurisdiction for a federal habeas court. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). In Baily, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." Bailey, 599 F.3d at 978-979 (quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005)). For this aspect of "in custody," actual physical custody is not indispensable to confer jurisdiction; rather, the court will have habeas jurisdiction if a sufficient "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists. Id. at 979. In this case, because Petitioner was in physical custody of Respondent at the time he filed the instant petition, and has remained in the physical custody of Respondent throughout these proceedings, this first aspect of the "in custody" requirement is not at issue.

The second aspect of "in custody," however, is fatal to Petitioner's habeas claim:

The plain meaning of the test of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction. Section 2254(a)'s language permitting a habeas petition to be entertained "only on the ground that [the petition] is in custody in violation of the Constitution or laws or treaties of the United States," explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody.

Giving the crucial statutory phrase within § 2254(a) its ordinary, natural meaning, we cannot but conclude that to sustain his habeas challenge, [petitioner] must show that his custody in itself, or its conditions, offends federal law. It is not enough for [petitioner] to say, in substance, my custody is okay and consistent with federal law, but I should not be burdened by this restitution requirement. What [petitioner] is required to pay in restitution is not by ordinary meaning a part of his custody.

Bailey, 599 F.3d at 980. (Citations omitted) (emphasis supplied). In Bailey, the petitioner, as is the case here, has challenged only his restitution fine. After the above discussion, the Ninth Circuit flatly rejected habeas jurisdiction under such circumstances:

[Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain text of § 2254(a), to his custody. While [petitioner's] liberty has been severely restrained by his conviction and custodial sentence, the remedy that [petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact—and is not directed at the source of the restraint on—his liberty. If successful, [petitioner] could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim. [Petitioner's] argument is only that he has been ordered to pay restitution "in violation of the

Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not that his custody is unlawful. That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.

Bailey, 599 F.3d at 981. (Emphasis omitted). Here, the restitution claim does not implicate Petitioner's conviction or sentence in any way and, therefore, does not satisfy the "in custody" requirement for federal habeas review.

**ORDER**

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss claim two and Petitioner's motion to delete claim two.

IT IS SO ORDERED.

Dated:   **July 28, 2019**                    **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE