# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT BRISCOE, III,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LAURA ELDRIDGE,<br><br>　　　　Respondent. | Case No.: 1:19-cv-00389-DAD-JLT (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 24]<br><br>ORDER DENYING MISCELLANEOUS MOTIONS [Doc. Nos. 23, 25, 27] |

　　　　On June 21, 2019, Petitioner filed a motion for appointment of counsel. (Doc. No. 24.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time. Accordingly, Petitioner's request for appointment of counsel is DENIED.

　　　　Petitioner also filed various motions related to the filing of this motion for appointment of counsel. In one motion, Petitioner requests for the Court to direct Respondent to provide documentation of outgoing legal mail because he alleges that the Court had not received his motion for appointment of counsel. (Doc. No. 23.) A motion filed the same day as his motion for appointment of

1

counsel, is a motion to file Petitioner's motion for appointment of counsel. (Doc. No. 25) In another motion, Petitioner seeks to fix missing dates in the motion for appointment of counsel (Doc. No. 27), and again filed a notice on July 3, 2019 regarding same (Doc. No. 29). Because Petitioner's motion for appointment of counsel was in fact filed and reviewed by the Court, each of these motions are DENIED as moot.

IT IS SO ORDERED.

Dated: **July 28, 2019**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE