UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT BRISCOE, III, | Case No.: 1:19-cv-00389-DAD-JLT (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR EVIDENTIARY HEARING |
| v. | |
| LAURA ELDRIDGE, | (Doc. 40) |
| Respondent. | |

On August 19, 2019, Petitioner filed a motion for appointment of counsel and request for evidentiary hearing. (Doc. 40.) On September 6, 2019, Respondent filed an opposition to motion for evidentiary hearing. (Doc. 42.) Petitioner filed a reply on September 19, 2019. (Doc. 43.)

**I.     DISCUSSION**

   A.     Appointment of Counsel

Regarding Petitioner's request for appointment of counsel, currently there exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time. Accordingly, Petitioner's request for appointment of counsel is DENIED.

B. <u>Evidentiary Hearing</u>

Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding and after the answer and transcripts and record of the state court proceedings are filed, the Court shall review those records to determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. <u>See</u> <u>Hendricks v. Vasquez</u>, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, such a hearing is unnecessary when only issues of law are raised. <u>Townsend v. Sain</u>, 372 U.S. 293, 309 (1963).

Nevertheless, in <u>Cullen v. Pinholster</u>, 563 U.S. 170 (2011), the United States Supreme Court held that review under § 2254(d)(1) <u>is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits</u>. The Court held that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." <u>Id.</u>, at 181-182. Thus, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions "against this Court's precedents as of 'the time the state court renders its decision.'" <u>Id.</u> at 182 (*quoting* <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71-72 (2003)).

Although the Supreme Court stopped short of deciding whether a district court could ever conduct an evidentiary hearing unless it had previously determined that § 2254(d) had not been satisfied, the Court's decision that holding an evidentiary hearing to find facts never previously presented to the state court would be an extremely rare occurrence and that the AEDPA's statutory scheme is designed to discourage such hearings. <u>Id.</u> at 186. Petitioner has made no showing that this case is that rare occurrence, or that this case otherwise requires an evidentiary hearing. Accordingly, the Court will DENY Petitioner's request for evidentiary hearing.

///
///
///
///

**II. ORDER**

Accordingly, the Court **ORDERS** that Petitioner's motion for appointment of counsel and request for evidentiary hearing is **DENIED**. (Doc. 40.)

IT IS SO ORDERED.

Dated: __**October 3, 2019**__          _____**/s/ Jennifer L. Thurston**_____
                                                                 UNITED STATES MAGISTRATE JUDGE