**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES ROBERT BRISCOE, III, | ) Case No.: 1:19-cv-00389-DAD-JLT (HC) |
| Petitioner, | ) FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) |
| MICHAEL MARTEL, Warden, | ) [THIRTY DAY OBJECTION DEADLINE] |
| Respondent. | ) |

Petitioner is currently serving a sentence of twelve years for his conviction of domestic violence causing great bodily injury. He filed the instant habeas petition challenging the conviction. As discussed below, the Court finds the claims to be without merit and recommends the petition be **DENIED**.

**I.    FACTUAL AND PROCEDURAL HISTORY**

On November 14, 2017, Petitioner entered a no-contest plea to one felony count of domestic abuse resulting in a traumatic condition and admitted a sentencing enhancement that he personally inflicted great bodily injury. (Doc. 51 at 9.) Petitioner further admitted two sentencing enhancements for prior prison commitments for serious felony convictions. (Id.) In light of the plea, the prosecutor dismissed three other cases against Petitioner. (Id.) Before accepting Petitioner's plea, the trial court advised Petitioner that it would be difficult to calculate his custody credits, and there was no guarantee how many credits Petitioner would receive. Petitioner acknowledged that he understood, and entered

1

his plea. (Id.)

On December 18, 2017, Petitioner was sentenced. (Id.) Pursuant to the plea agreement, the court exercised its discretion to dismiss two prior strikes alleged against Petitioner. (Id.) The court sentenced Petitioner to the low term of two years in state prison for the domestic violence count, but stayed the imposition of the great bodily injury enhancement. (Id.) The court then imposed five years of imprisonment for each of the prior serious felony enhancements, resulting in a total sentence of twelve years in state prison. (Id.) Petitioner received credit for 3,471 days, comprised of 2,314 days in actual custody, and 1,157 days of additional credit. (Id.)

On January 29, 2018, having received a report from the probation officer not previously available, the court recalled Petitioner's case to modify the custody credits. (Id.) Petitioner was not present, but his attorney was. (Id.) The court explained that it had miscalculated Petitioner's time credits by applying the wrong statute, California Penal Code section 4019. (Id.) The actual statute applicable to Petitioner was California Penal Code section 2933.1. (Id.) The result was that Petitioner was eligible for only 2,661 days of credit, not the 3,471 previously assigned. (Id. at 9-10) The trial court modified the judgment accordingly. (Id. at 10.)

Petitioner did not appeal his sentence. (Doc. 28 at 2.) Petitioner filed three state habeas petitions challenging the state court judgement. (Id.) The first petition was filed on May 18, 2018 in the Fresno County Superior Court and denied on June 6, 2018. (Id.; Doc. 34-3; Doc. 34-4.) The second petition was filed on July 15, 2018 in the California Court of Appeal, Fifth Appellate District and denied on September 13, 2018. (Id.; Doc. 34-5; Doc. 34-6.) The third petition was filed on October 8, 2018 in the California Supreme Court and denied on March 13, 2019. (Id.; Doc. 34-7; Doc. 34-8.)

Petitioner filed the instant habeas petition on March 22, 2019. (Doc. 1.) Petitioner filed a first amended petition on April 18, 2019. (Doc. 17.) Respondent filed a motion to dismiss Petitioner's claim two regarding restitution because the claim failed to satisfy the custody requirement of 28 U.S.C. § 2254(a) and because it was unexhausted (28 U.S.C. § 2254(b)). (Doc. 28 at 1.) Petitioner subsequently filed a motion to delete claim two. (Docs. 31, 32.) The Court granted these motions on July 29, 2019. (Doc. 36.) Respondent filed its answer on November 1, 2019. (Doc. 51.)

///

## II. DISCUSSION

### A. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997) (holding the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

### B. Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-406).

In Harrington v. Richter, 562 U.S. 86, 101 (2011), the U.S. Supreme Court explained that an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the

AEDPA. The Supreme Court has "said time and again that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Cullen v. Pinholster, 563 U.S. 170, 203 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Harrington, 562 U.S. at 103.

The second prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2003) (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. 510, 520 (2003); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries, 114 F.3d at 1500; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), *cert.denied*, Maddox v. Taylor, 543 U.S. 1038 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).

C. Review of Petition

Petitioner argues the following: (1) That Petitioner's plea was induced by a promise that he would receive particular time credits, and (2) That the state court improperly used Petitioner's prior

4

convictions both as an aggravating factor in selecting his determinate term and as a basis for enhancing his sentence.

1. <u>Correction of Time Credits</u>

Petitioner argues that his plea was induced by a promise that he would receive particular time credits. Petitioner raised this claim by habeas petition to the state courts. In the last reasoned decision, the Fresno County Superior Court ruled as follows:

> Having considered the petition for writ of habeas corpus filed on May 21, 2018, the court finds that Petitioner has failed to state a prima facie case for relief.
>
> Petitioner contends that the trial court violated the terms of his plea agreement in Case No. F09904126 by failing to award him a total of 3,471 days of presentence custody credits and by imposing a restitution fine in the amount of $7,200.00, despite the fact that the amount of his restitution fine was not a negotiated term of his plea agreement.
>
> A plea agreement "is a tripartiate agreement which requires the consent of the defendant, the People and the court." (*People v. Yu* (1983) 143 Cal.App.3d 358, 371.) "As the People are held strictly to the terms of the plea bargain, the accused also must be held to his agreement." (*People v. Ames* (1989) 213 Cal.App.3d 1214, 1218 [quoting *People v. Masten* (1982) 137 Cal.App.3d 579, 586].)
>
> In the present case, Petitioner has failed to demonstrate that any specific award of presentence custody credits was a term of his plea agreement. In fact, at his change of plea hearing, the court specifically advised Petitioner that there was "no guarantee," as to the award of presentence custody credits that he would receive.
>
>> THE COURT: All right. I want to talk a little bit about time credits. Because this offense occurred in 2009, there have been many changes that have been made to time credits since 2009. I will have Probation calculate your time credits that you have earned to today's date and I will go over it as best I can to determine whether those time credits were calculated accurately. We obviously will do everything in our power to make sure that they are calculated accurately, but I want to just tell you that there have been probably 6 to 10 changes in the law as to how those time credits get calculated since 2009. So it's complicated. **That having been said, so I want to make sure you understand there's no guarantee as to how many time credits you have currently. The only thing that we can guarantee is that we know how many actual days you have served in custody. That's relatively easy to calculate. Whether you get half-time credits, third-time credits, or anything else along those lines is going to be a little bit difficult to calculate. You understand that?**
>>
>> THE DEFENDANT: **Yes, Your Honor.**

5

(*People v. James Briscoe,* Case No. F09904126 Change of Plea Hearing, November 14, 2017 at p. 6: 11-26 & p. 7: 1-5 [emphasis added].)

At Petitioner's sentencing hearing, the court noted that the probation officer had not prepared a report in time for the hearing and that there was a possibility of "issues, concerns [or] problems," that might become apparent after the probation report was completed and that Petitioner might be returned to court "to deal with those issues." Having received that advisement, Petitioner agreed to be sentenced in the absence of a probation report. (Petitioner, Ex. B.; *People v. James Briscoe,* Case No. F09904126, December 18, 2017 at p. 4: 10-26 & p. 5: 1-17.) At sentencing, the trial court initially awarded Petitioner 2,314 actual days of presentence custody credit and 1,157 days of presentence conduct credits for a total of 3,471 days of presentence credits. (*Id.* at p. 9: 10-13.)

After the probation report was completed, the trial court conducted a hearing on January 29, 2018. At this hearing, the court determined that Petitioner's presentence conduct credits had been calculated incorrectly in light of the fact that Petitioner had been convicted of an offense involving the infliction of great bodily injury (Pen. Code, § 12022.7), which is classified as a violent felony under the three strikes law. (See Pen. Code, § 667.5, subd. (c)(8) ["[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7" constitutes a violent felony under the three strikes law.].) Based on that determination, the sentencing court found that Penal Code section 2933.1 limited Petitioner's award of presentence conduct credits to 15% of his actual time in custody. As a result, the court corrected Petitioner's award of presentence custody credits to reflect that Petitioner had received the same amount of actual custody days (2,314) but only 347 days of presentence conduct credits, for a total award of 2,661 of presentence custody credits. (*People v. James Briscoe,* Case No. F09904126, January 29, 2018 at p. 3: 18-26, p. 4: 1.)

In fact, the award of presentence custody credits which are impermissible by law results in an unauthorized sentence. (*People v. Gisbert* (2012) 205 Cal.App.4th 277, 279.) The imposition of an unauthorized sentence is subject to correction whenever it comes to the attention of the trial court or a reviewing court. (*People v. Scott* (1994) 9 Cal.4th 331, 354-355; *People v. Crooks* (1997) 55 Cal.App.4th 797, 811.)

As the court noted, Petitioner's initial award of presentence conduct credits was unlawful because Penal Code section 2933.1 restricts his award of conduct credit to .15% of actual time served in custody. (Pen. Code, § 2933.1; *People v. Fitzgerald* (1997) 59 Cal.App.4th 932, 935 ["[s]ection 2933.1 limits the amount of presentence conduct credits to 15 percent of the actual time served prior to trial when the offense of which a defendant is convicted is enumerated in section 667.5."].) Since Petitioner's award of presentence custody credits was unauthorized, the court was obligated to correct it when the error was brought to its attention. (*People v. Scott, supra,* 9 Cal.4th 331, 354-355; *People v. Crooks, supra,* 55 Cal.App.4th 797, 811.) Considering that Petitioner spent 2,314 days in actual presentence custody, the court

correctly calculated that Petitioner was entitled to 347 [2,314 x .15] days of presentence conduct credits. (See Pen. Code, § 2933.1, subd. (c); see also *People v. Smith* (1989) 211, Cal.App.3d 523, 526-527; *In re Marquez* (2003) 30 Cal.4th 14, 26.) As there was nothing improper with respect to the correction of Petitioner's presentence custody credits, the court finds that Petitioner has failed to state a prima facie case for relief.

(Doc. 34-4 at 1-5, emphasis in original.)

        *a.    Legal Standard and Analysis*

Petitioner challenges the state court's application of California law by contending that the trial court violated the terms of his plea agreement by rejecting a premise that Petitioner was promised particular credits as a plea inducement. Generally, the interpretation and application of state laws are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law'"); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); Sawyer v. Smith, 497 U.S. 227, 239 (1990) (quoting Dugger v. Adams, 489 U.S. 401, 409 (1989) ("[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution"). To the extent the claim concerns the interpretation and application of state law, it is not cognizable on federal habeas review. Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law"). Moreover, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989).

As to any claim that the process violated Petitioner's federal constitutional rights, in Santobello v. New York, 404 U.S. 257 (1971), the Supreme Court held that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." This rule has been regularly and consistently invoked and applied in the Ninth Circuit. See, e.g., United States v. Camper, 66 F.3d 229, 232 (9th Cir.1995); United States v. De La Fuente, 8 F.3d 1333, 1340 (9th Cir.1993); United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979). Here, however, no such promise or agreement is at issue. Although Petitioner argues that his plea was induced by a promise that he would receive particular

time credits, it was not improper to correct Petitioner's presentence custody credits. The state court discussed that since Petitioner's initial award of presentence custody credits was unlawful, the court was obligated to correct it when the error was brought to its attention. (Doc. 34-4 at 4.)

As noted by Respondent, there is no direct precedent from the Supreme Court which holds that a certain type of hearing is required before a court accepts a defendant's plea. Even if the trial court were constitutionally required to ascertain whether his plea was made voluntarily, knowingly, and intelligently, the state court's determination would not be unreasonable. As noted by the state court, the record shows Petitioner was personally present at the change of plea hearing at which the court discussed the time credits and there being no guarantee as to how many time credits he had. (Doc. 34-4 at 1-5.) The court specifically advised Petitioner that there was "no guarantee," as to the award of presentence custody credits that he would receive, and Petitioner expressly acknowledged that he understood. (Id. at 2.) The state court found that Petitioner failed to demonstrate that any specific award of presentence custody credits was a term of his plea agreement. (Id. at 1.) Petitioner fails to show that the state court rejection of his claim was unreasonable.

2.      Reliance on Prior Convictions

Petitioner claims that the state court improperly used Petitioner's prior convictions both as an aggravating factor in selecting his determinate term and as a basis for enhancing his sentence. However, Petitioner failed to raise this claim in state court. This claim is unexhausted and subject to dismissal. Nevertheless, the Court will address the claim since it is not colorable and therefore may be denied. 28 U.S.C. § 2254(b)(2); Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). Thus, the claim is not cognizable on federal habeas and should be rejected.

In addition, as Respondent argues, the claim fails to present a federal question. Federal habeas relief is barred unless Petitioner can demonstrate that the state court's alleged failure was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

8

Petitioner's claim is barred under § 2254(d).

## III. RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED with prejudice on the merits.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __February 3, 2020__   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE