UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT BRISCOE, III,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL MARTEL,<br><br>Respondent. | No. 1:19-cv-00389-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>(Doc. Nos. 17, 52) |

Petitioner James Robert Briscoe, III, is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 3, 2020, the assigned magistrate judge issued findings and recommendations, recommending that the petition of writ of habeas corpus be denied. (Doc. No. 52.) These findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within thirty (30) days from the date of service of that order. (*Id*. at 9.) After the granting of multiple extensions of time to do so, on June 29, 2020, petitioner's objections to the findings and recommendation were timely filed. (Doc. No. 60.)

/////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendation are supported by the record and proper analysis; however, the undersigned notes that the pending findings and recommendations addressed only claim 1 of the petition, but did not address petitioner's claim 3 in which he asserted that he had received ineffective assistance of counsel.[1] Thus, the undersigned will adopt the findings and recommendations along with the analysis of claim 3 set forth below.

The pending findings and recommendations determined that petitioner's claim 1, in which he asserted that his guilty plea was improperly induced by the promise of time credits that he did not receive, had not been exhausted in state court and thus was subject to dismissal on that basis. (Doc. No. 52 at 8.) The pending findings and recommendations went on to correctly outline that even if the court were able to address this claim on the merits, dismissal would still be recommended because "federal habeas relief is not available to state prisoners challenging state law." (*Id.*) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings)).

In his objections, petitioner does not address his failure to exhaust claim 1 by first presenting it to the California Supreme Court. Petitioner instead raises similar arguments to those already addressed and properly rejected in the pending findings and recommendations. (*Cf.* Doc.

---

[1] In his objections, petitioner noted that his ineffective assistance of counsel claim (Doc. No. 17 at 11–12) was not addressed by the pending findings and recommendations. (Doc. No. 60 at 9–10.) Petitioner's First Amended Petition, filed April 18, 2019, asserted three claims for federal habeas relief, challenging his sentence on the basis that: (1) his presentence custody credits were miscalculated, which petitioner contends was in violation of his plea agreement; (2) he was assessed fines and restitution that were not a part of his original plea agreement; and (3) he received ineffective assistance of counsel related to those alleged issues in connection with his entry of his guilty plea. (Doc. No. 17 at 1–19.) After a motion to dismiss claim 2 was filed (Doc. No. 28), plaintiff voluntarily moved to dismiss that claim (Doc. No. 31), which the assigned magistrate judge granted on July 29, 2019. (Doc. No. 36.) Thus, at the time the February 3, 2020 findings and recommendations were issued, both claim 1 and 3 remained pending before this court.

2

No. 60 at 2–4, 10–11 *with* Doc. No. 52 at 5–9.)  In short, petitioner's objections provide no basis upon which to reject the recommendation that claim 1 of the pending petition be dismissed.

The court turns now to claim 3 of the pending petition.  Therein, petitioner asserts that he received ineffective assistance of counsel in connection with his plea because his attorney failed to object to the change in the presentence time credits he received, which was different than the credits petitioner claims he was promised at the time he entered his plea.  (Doc. No. 17 at 11–12.) Petitioner's ineffective assistance claim (claim 3) appears to have been exhausted before the California Supreme Court.  (Doc. No. 34-7 at 6.)

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984).  To support a claim of ineffective assistance of counsel, a petitioner must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  466 U.S. at 687–88.  "In determining deficiency, a 'a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance[.]'"  *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) (*quoting Strickland*, 466 U.S. at 689).  After a petitioner identifies such acts or omissions that are alleged not the result of reasonable professional judgment, the court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  *Id*. at 690;  *Wiggins v. Smith*, 539 U.S. 510, 521, (2003).  Second, a petitioner must establish that he was prejudiced by counsel's deficient performance.  *Strickland*, 466 U.S. at 693–94.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*.; *see also Williams*, 529 U.S. at 391–92; *Laboa v. Calderon*, 224 F.3d 972, 981 (9th Cir. 2000).  The focus of the prejudice analysis is on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  After the passage of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a reviewing court is not permitted to grant habeas relief in response to a claim of ineffective assistance of counsel unless

the state court's decision unreasonably applied the *Strickland* standard. *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

In advancing his ineffective of counsel claim, petitioner asserts that he received less time credit than he was entitled to and that his attorney failed to object to the time credits he was awarded and failed to object to a hearing held outside petitioner's presence where the time credits were discussed. Petitioner claims that his attorney proceeded in his absence at that hearing because he knew petitioner would have objected to the award of less time credit than was discussed at the time petitioner entered his plea. (Doc. No. 17 at 11–12.)

However, as addressed in the pending findings and recommendations, the record before this federal habeas court establishes that the state trial court advised petitioner that the calculation of his time credits was complicated and that he was being given no assurances in that regard before accepting his guilty plea (Doc. No. 51 at 14). (Doc. No. 52 at 1–2, 5–7.) Specifically, at the time of petitioner's entry of plea the state trial court advised him as follows:

> THE COURT: All right. I want to talk a little bit about time credits. Because this offense occurred in 2009, there have been many changes that have been made to time credits since 2009. I will have Probation calculate your time credits that you have earned to today's date and I will go over it as best I can to determine whether those time credits were calculated accurately. We obviously will do everything in our power to make sure that they are calculated accurately, but I want to just tell you that there have been probably 6 to 10 changes in the law as to how those time credits get calculated since 2009. So it's complicated. **That having been said, so I want to make sure you understand there's no guarantee as to how many time credits you have currently. The only thing that we can guarantee is that we know how many actual days you have served in custody. That's relatively easy to calculate. Whether you get half-time credits, third-time credits, or anything else along those lines is going to be a little bit difficult to calculate. You understand that?**
>
> THE DEFENDANT: **Yes, Your Honor.**

(Doc. Nos. 51 at 14 (citing (Change of Plea Hearing (Nov. 14, 2017) at 6–7, *People v. James Briscoe,* No. F09904126 (emphasis added).); 52 at 5–6.) Petitioner has presented no compelling evidence or argument suggesting that his attorney performed deficiently in this regard or that he suffered any prejudice as a result of his counsel's performance as to the award of time credits in his case. Rather, petitioner agreed to proceed with his change of plea after being fully informed

4

of the risk that he could ultimately receive less time credit than he hoped for at the time he entered his plea. While the amount of presentence time credits at issue was not insignificant, the actual calculation of those credits was a risk that petitioner accepted when he chose to enter his plea. (Doc. No. 51 at 14.) Thus, for the foregoing reasons, petitioner's ineffective assistance of counsel claim is without merit.

Finally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claim to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly, for the reasons set forth above:

1. The findings and recommendation issued on February 3, 2020 (Doc. No. 52) are adopted;
2. The petition for writ of habeas corpus is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 15, 2021**
UNITED STATES DISTRICT JUDGE

5